UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERRY BROWN, *et al.*, ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Cause No. 3:20-CV-680 RLM-MGG |
| ) | |
| ROSARIO SCALISE, ) | |
| ) | |
| *Defendant* ) | |

OPINION AND ORDER

Gerry and Deborah Brown own real estate located in Michigan City, Indiana, adjacent to property defendant Rosario Scalise owns. The Browns filed suit against Mr. Scalise seeking declaratory relief with respect to certain easements on the property and for damages Mr. Scalise allegedly caused. The Browns assert diversity jurisdiction, alleging that the plaintiffs are citizens of Indiana and Nevada, and that Mr. Scalise is a citizen and resident of Illinois. Mr. Scalise's motion to dismiss the complaint for lack of subject matter jurisdiction is before the court. Because the weight of the evidence of record shows that Mr. Scalise wasn't yet an Indiana citizen when the Browns filed their complaint, the court denies the motion.

To establish diversity jurisdiction under 28 U.S.C. § 1332, plaintiffs must show the citizenship of each party as of the date the complaint was filed. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Dausch v. Rykse, 9 F.3d

1244, 1245 (7th Cir. 1993). The court accepts as true all well-pleaded factual allegations, draws all reasonable inferences in favor of the plaintiffs, and may look beyond the allegations to view evidence that has been submitted on the issue, in determining whether jurisdiction exists. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003); Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995).

For purposes of 28 U.S.C. § 1332, "citizenship" depends on domicile — "the state in which a person intends to live over the long run"— not residence. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). "It takes physical presence in a state, with intent to remain there, to establish domicile." Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). For diversity purposes, intent is "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." Sadat v. Mertes, 615 F.2d 1176, 1181 (7th Cir. 1980). *See also* Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir.1985) (domicile is evaluated in terms of objective facts and "statements of intent are entitled to little weight when in conflict with facts."); Red River Lumber Co., Inc. v. Graff, 889 F.2d 1084 (4th Cir. 1989) (same).

> Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile.

Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954).

Mr. Scalise asserts that he, like Mr. and Mrs. Brown, is a citizen of Indiana, so the court lacks jurisdiction over this matter. In support, he submitted his affidavit attesting that he "[has] been a citizen and resident of the State of Indiana since January 2020, that he obtained an Indiana driver's license in January 2020, registered to vote in Indiana in January 2020, and has "maintained a physical presence in the State of Indiana since January 2020, with the intent of remaining in Indiana indefinitely and making Indiana [his] permanent residence." But the weight of the evidence doesn't support Mr. Scalise's statements.

Mr. Scalise doesn't disclose how he acquired an Indiana license and voter registration card in January 2020, but the Browns have submitted overwhelming evidence that he wasn't living at his Michigan City residence when they filed their complaint on August 14, 2020. A certificate of occupancy wasn't issued for his newly-constructed residence until November 10, 2020. *See* [Doc. Nos. 17-1 to 17-12]. Mr. Scalise, himself, provided inconsistent statements about when he intended to reside in Indiana. He signed a sworn Sales Disclosure Form on December 14, 2018 attesting that the property would notnt his "primary residence" and that he didn't have "a homestead in Indiana to be vacated for this residence" [Doc. No. 17-6], and testified during his deposition in February 2021 that he owns a home in Chicago, Illinois, that has been his residence since 1974

and intended the Michigan City property to be his retirement home "as soon as the COVID goes away so I can spend more time over there." [Doc. No. 17-2].

The burden of proving jurisdictional facts by a preponderance of the evidence was on the plaintiffs. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). The evidence of record doesn't all point in the same direction, but the preponderance of the evidence supports the Browns. They have met their burden.

Accordingly, the court DENIES the defendant's motion to dismiss [Doc. No. 8].

SO ORDERED.

ENTERED:   September 29, 2021


        /s/ Robert L. Miller, Jr.
        Judge
        United States District Court